08-2381-cr
United States v. Ramos-Soto

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of December, two thousand and nine.

Present: ROBERT D. SACK,
         BARRINGTON D. PARKER,
         RICHARD C. WESLEY,
              *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

              *Appellee,*

   - v. -                                    (08-2381-cr)

DAVID JIMMY RAMOS-SOTO,

              *Defendant-Appellant.*

_____

For Appellant:          BERNARD KLEINMAN (Joyce B. David, Law Office of Joyce B. David, *on the brief*), Brooklyn, New York.

For Appellee:           SETH D. DUCHARME (Emily Berger, *of counsel*), Assistant United States Attorneys, *for* Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the United States District Court for the Eastern District of New York is **REMANDED.**

Defendant appeals from the sentence imposed following his guilty plea to one count of illegally reentering the United States after deportation for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2). We presume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Defendant contends that the district court committed procedural error by denying his motion for a non-Guidelines sentence based on the potential sentencing disparity arising from the absence of a "fast track" or "early disposition" program in the Eastern District of New York. The precise contours of defendant's argument to the district court,

however, are unclear from the record.  As a result of this ambiguity, the district court's ruling relating to the fast-track disparity is also ambiguous.

We are therefore unable to determine whether the district court ruled that:  (1) it was *not required* to issue a non-Guidelines sentence under 18 U.S.C. § 3553(a)(6) based on defendant's disparity argument, and defendant had not persuasively argued that such a sentence was appropriate; or (2) it *lacked the authority* to issue a non-Guidelines sentence under 18 U.S.C. § 3553(a).  If the first potential interpretation reflects the intended meaning of the district court's ruling, such a decision would not necessarily be inconsistent with our previous holdings.  *See, e.g.*, *United States v. Mejia*, 461 F.3d 158, 162-64 (2d Cir. 2006). However, the second potential interpretation of the ruling below remains the subject of an open question in this Circuit.  *See United States v. Liriano-Blanco*, 510 F.3d 168, 172 (2d Cir. 2007).

Accordingly, the judgment of the district court is hereby **REMANDED** in order to allow the court to clarify the basis for its denial of defendant's motion for a non-Guidelines sentence.  Within ten days of a decision of the

3

district court, the jurisdiction of this Court may be restored by a letter to the Clerk of the Court, *see United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), in which event the renewed appeal will be assigned to this panel.

For the Court
Catherine O'Hagan Wolfe, Clerk

By: _____
